UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

RICHARD VILES,                              )
                                            )
                    Plaintiff,              )
                                            )
v.                                          )   No. 1:25-cv-02424-JRO-MJD
                                            )
AATIF ANSARI,                               )
KATHLEEN BEACHE,                            )
ADJO MAWUSSI AMETOOYOONA                     )
KOFFI,                                      )
SAME DAY DENTAL also known as                )
EMERGENCY DENTISTS, LLC D/B/A 24            )
HOUR DENTAL CARE,                           )
                                            )
                    Defendants.             )

**ORDER SCREENING SECOND AMENDED COMPLAINT**

On December 2, 2025, Plaintiff Richard Viles filed a motion for leave to proceed *in forma pauperis*. Dkt. 6. The Court granted him *in forma pauperis* status but dismissed his complaint on screening for lack of subject-matter jurisdiction. Dkt. 8. Viles later filed an amended complaint, which the Court also screened and dismissed. Dkt. 9. Now before the Court is Viles's second amended complaint. Dkt. [11]. As further explained below, the latest complaint fares no better and must be **DISMISSED** for lack of subject-matter jurisdiction.

**I. SCREENING STANDARD**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same

standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. THE SECOND AMENDED COMPLAINT

Viles's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023).

In his first amended complaint, Viles sued Indiana Department of Insurance Commissioner Holly Lambert, arguing that *Ex parte Young*, 209 U.S. 123 (1908), authorized suit against her. The Court dismissed the case, finding that Commissioner Lambert does not possess any enforcement authority in connection with the medical review panels. Dkt. 10 at 3.

Viles now sues Defendant Todd Rokita, the Indiana Attorney General ("AG"), under 42 U.S.C. § 1983. Someone "posing as dentists," dkt. 11 at 1, billed Viles's insurance for something he "never wanted or agreed to," *id.* at 4. He attempted to sue in a court of law, but he was denied the opportunity to do

so by the Indiana Medical Malpractice Act, which required that his claim first be screened by a medical review panel.

Viles now argues that the screening function of the medical review panel violates the United States and Indiana Constitutions in several ways.  Under the United States Constitution, he argues it violates his Fourteenth Amendment right to due process, his Sixth Amendment right to a public trial by jury, and his Seventh Amendment right to a jury trial.  Under the Indiana Constitution, he argues the Medical Malpractice Act violates the Open Courts clause of Article 1, § 12 and the Privileges and Immunities clause of Article 1, § 23.

Viles seeks "prospective injunctive relief to stop [AG Rokita] from violating Constitutional Rights of U.S. citizens of our right to due process by declaring the Indiana Medical Malpractice act unlawful under both Federal and State Law." Dkt. 11 at 2 (citing the *ex parte Young* doctrine).  He cites an "AI Overview" to state that "[T]he Office of the Indiana Attorney General (OAG) possesses specific enforcement authority related to the Indiana Medical Malpractice Act, primarily focusing on licensing enforcement, professional discipline, and administrative rulemaking." *Id.*

### III. DISCUSSION

Viles lacks standing to bring this suit because Attorney General Rokita is not enforcing any section of the Indiana Medical Malpractice Act against him.

The Court has an "independent duty to ensure" that subject-matter jurisdiction exists—i.e., that this case is properly in federal court.  *Cothron v. White Castle Sys., Inc.*, 20 F.4th 1156, 1160 (7th Cir. 2021).  The Eleventh

Amendment usually prohibits Federal Courts from hearing cases against state defendants without their consent under the doctrine of sovereign immunity. *Seminole Tribe of Fla. v. Fla.,* 517 U.S. 44, 54 (1996).  However, the United States Supreme Court has often "found federal jurisdiction over a suit against a state official when that suit seeks only prospective injunctive relief in order to end a continuing violation of federal law."  *Id.* at 73 (cleaned up); *see also Ex parte Young,* 209 U.S. 123 (1908).

In addition to restraints under the Eleventh Amendment, the judicial power of federal courts is further restrained to resolution of "Cases" and "Controversies" by Article III of the United States Constitution.  § 2, cl. 1.  "For there to be a case or controversy under Article III, the plaintiff must have a 'personal stake' in the case—in other words, standing." *TransUnion LLC v. Ramirez,* 594 U.S. 413, 423 (2021) (quoting *Raines v. Byrd,* 521 U.S. 811, 819 (1997)).

To establish standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion,* 594 U.S. at 423 (citing *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 560, 560–61 (1992)).  The second element, sometimes called the causation element, requires the plaintiff to "show that the named state official plays some role in enforcing the statute" when the plaintiff invokes *Ex parte Young.  Doe v. Holcomb,* 883 F.3d 971, 975 (7th Cir. 2018).  The third

4

element, redressability, requires the plaintiff to establish that "enjoining the enforcement is likely to redress his injury." *Id.* at 975–76.

Viles here argues that his suit against the Indiana Attorney General is not barred by the Eleventh Amendment because of the *Ex parte Young* exception for plaintiffs seeking prospective injunctive relief against a state official's enforcement of an unconstitutional state law. Viles alleges that AG Rokita has some enforcement authority over the Indiana Medical Malpractice Act as regards "licensing enforcement, professional discipline, and administrative rulemaking." But he does not indicate AG Rokita enforces the section of the act requiring claims be reviewed by the medical review panel before being submitted to a court.

"The Medical Malpractice Act (MMA) grants preliminary authority over medical malpractice actions to a medical review panel, which must render an opinion on a proposed complaint before a claimant can sue a healthcare provider in court." *Bojko v. Anonymous Physician*, 232 N.E.3d 1155, 1158 (Ind. 2024) (citing Ind. Code § 34-18-8-4). The Court previously outlined the medical review panel process to show why Commissioner Lambert was not an appropriate defendant, and the same reasoning applies here:

> Before a plaintiff or defendant may request the formation of a medical review panel, the plaintiff must file a proposed complaint with the Department of Insurance. Ind. Code § 34-18-10-2. No earlier than 20 days later, either party may request the formation of a medical review panel by serving a request by registered mail upon all parties and the commissioner. *Id.* A medical review panel consists of one attorney and three healthcare providers. *Id.* § 34-18-10-3. But the commissioner does not select the members who serve on a given panel. *See id.* § 34-18-10-4. After the medical

5

> review panel is formed, it must issue its expert opinion within 180 days of the date the final panelist was selected. Id. § 34-18-10-13. Once the panel issues its expert opinion, a plaintiff may then file a complaint in court. *See id.* §§ 34-18-8-1, -4. At no point during this process then does the commissioner exercise any enforcement authority that this court might enjoin her from exercising.

Dkt. 11 at 3.  Notably absent from this process is any action taken by the Indiana Attorney General.   Indeed, the two chapters of Indiana Code setting the requirements for a malpractice action under the Medical Malpractice Act and the procedures for a medical review panel, Ind. Code § 34-18-8 and -10, make no mention of the attorney general at all.

"An attorney general cannot be sued simply because of his duty to support the constitutionality of a challenged state statute."  *Doe*, 883 F.3d at 976.  A plaintiff must bring their claim against the defendant who caused him harm; and action by the Court against that defendant must redress that injury.  Viles here pled neither element.  AG Rokita neither took nor threatens to take any action to keep Viles from having his day in court.  So AG Rokita has not caused any injury  to Viles.

Nor will success on Viles's claim redress his injury.  For instance, even if the Court enjoined AG Rokita from enforcing the medical review panel requirement for medical malpractice suits, Indiana courts still could not proceed on Viles's medical malpractice suit.  This is so because Indiana Code section 34-18-8-4 prohibits plaintiffs from bringing medical malpractice claims seeking more than $15,000 in court until a medical review panel issues an opinion on the complaint.  In other words, whether AG Rokita is enjoined or not, the force

6

and effect of the Medical Malpractice Act will continue unhindered, which shows that Viles has no redressable claim against AG Rokita.

Thus, Viles has failed to establish standing in this matter. Without standing, the Court lacks subject-matter jurisdiction under Article III of the Constitution, and the Court is left with nothing to do but dismiss the complaint.

Even assuming Viles pled subject-matter jurisdiction and the Court reached the merits of his arguments, he would be hard-pressed to show his complaint is non-frivolous. First, the *Ex parte Young* doctrine cannot be invoked to defend state constitutional rights in federal court. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) ("[W]hen a plaintiff alleges that a state official has violated *state* law . . . the entire basis for the doctrine of *Young* . . . disappears."). This Court would accordingly have to dismiss, pursuant to the Eleventh Amendment, all Viles's claims grounded in the Indiana Constitution; state court is usually the appropriate venue to vindicate state constitutional rights. Second, the Indiana Supreme Court has thoroughly considered and rejected the contention that the medical review panel process is a violation of either the Indiana or United States constitutions. *See Johnson v. St. Vincent Hosp., Inc.,* 404 N.E.2d 585, 596 (1980), overruled on other grounds by *In re Stephens*, 867 N.E.2d 148 (Ind. 2007), and abrogated on other grounds by *Collins v. Day*, 644 N.E.2d 72 (Ind. 1994) (holding that the medical review panel requirement did not violate the Fourteenth Amendment's due process clause). In light of this caselaw, Viles's federal claims would face an uphill battle if considered on the merits.

7

## IV. CONCLUSION

For these reasons, Viles's second amended complaint, dkt. [11], must be **DISMISSED without prejudice** for lack of subject-matter jurisdiction.

Given that this complaint represents Viles's third unsuccessful attempt to assert a viable federal claim against Indiana's Medical Malpractice Act, Viles shall have through **June 3, 2026,** to **SHOW CAUSE** why final judgment should not issue due to his failure to establish a basis for the Court's subject-matter jurisdiction.  The **clerk is directed** to include a copy of the *pro se* non-prisoner complaint form along with the plaintiff's copy of this Order, which Viles must use if he files a third amended complaint.  *See* Local Rule 8-1 (requiring *pro se* plaintiffs to use the clerk-provided form for claims under 42 U.S.C. § 1983).  If Viles fails to show cause within the allotted time, this matter shall be dismissed without further notice or opportunity to amend.

**SO ORDERED.**

Date: 5/11/2026

_____

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

RICHARD VILES
2149 Garfield Dr.
Indianapolis, IN 46203